**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JENNIFER LYNN PERKINS,** *Plaintiff* | § | |
| **v.** | § | **No. 1:26-CV-01585-RP-SH** |
| **THE OFFICE OF THE GOVERNOR OF TEXAS,** *Defendant* | § | |

**ORDER**

Now before the Court are Plaintiff's Motions to Proceed *In Forma Pauperis* (Dkt. 3), Appoint Counsel (Dkt. 2), and for Leave to Provide Contact Information Separately from Public Filing (Dkt. 5), all filed June 11, 2026; and Plaintiff's Notice of Amendment as of Course and Motion for Leave to Supplement, filed July 27, 2026.[1]

### I. Application for *In Forma Pauperis* Status

Plaintiff Jennifer Lynn Perkins brings this employment discrimination suit against her former employer, the Office of the Governor of Texas. She seeks leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).

Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont*

[1] The Honorable Robert Pitman referred this case to this Magistrate Judge for disposition of the application to proceed *in forma pauperis* and any motion for appointment of counsel, and for a recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to Judge Pitman's Court Docket Management Standing Order. Dkt. 6.

*de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

After reviewing Perkins's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** her application for *in forma pauperis* status. Perkins is advised that her *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Perkins also is advised that although she has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Frivolousness Review

Because Perkins has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e). A court may summarily dismiss or partially dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In deciding whether a complaint states a claim, the court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept as true the allegations of the complaint, together with any reasonable inferences that may be drawn therefrom." *Ryland v. Shapiro*, 708 F.2d 967, 969 (5th Cir. 1983).

Perkins alleges employment discrimination based on sex and disability, a hostile work environment, failure to accommodate, and retaliation during her employment with the Texas Music Office, a division of the Office of the Governor of Texas.[2] Amended Complaint, Dkt. 7-1. She alleges that the Governor's Office's actions violated Title VII of the Civil Rights, the Equal Pay Act, and § 504 of the Rehabilitation Act. Perkins provides proof that she exhausted her administrative remedies with the U.S. Equal Employment Opportunity Commission ("EEOC") and filed this action within the required ninety-day period after receipt of the EEOC Notice of Rights letter. Dkts. 7-2, 7-3.

To allege sex discrimination under Title VII, the plaintiff must allege that she (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside her protected class or was treated less favorably than other similarly situated employees outside her class. *Haire v. Bd. of Sup'rs of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013). Perkins alleges that she is female and was qualified for her position as marketing specialist; the Governor's Office subjected her to adverse employment actions including discipline, compensation and classification disadvantage, and termination; male employees were treated more favorably in authority, opportunity, credibility, discipline, compensation, classification, expectations, and workplace respect; and the Governor's Office's actions were motivated by her sex. Dkt. 7-1 ¶¶ 124-27. The Court finds that these allegations are sufficient to avoid recommending dismissal for frivolousness.

[2] The Eleventh Amendment does not bar Perkins's Title VII and Equal Pay Act claims because Congress has expressly abrogated sovereign immunity under those statutes. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 330 n.4 (5th Cir. 2013). In addition, a state entity waives sovereign immunity under § 504 of the Rehabilitation Act by accepting federal financial assistance. *Block v. Texas Bd. of L. Examiners*, 952 F.3d 613, 619 (5th Cir. 2020).

To allege a hostile work environment claim under Title VII, the plaintiff must allege that she (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on her membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action. *Williams-Boldware v. Denton County, Tex.*, 741 F.3d 635, 640 (5th Cir. 2014). Perkins satisfies each of these elements by alleging that she "was subjected to unwelcome sex-based conduct including boys-club exclusion, gendered and menial assignments, support-role stereotyping, diminished authority, misogynistic treatment, public humiliation, and repeated failure to correct known conduct," and that the conduct "was sufficiently severe or pervasive to alter the terms and conditions of Plaintiff's employment and create an abusive or discriminatory environment." Dkt. 7-1 ¶¶ 130-32.

To state a claim of retaliation under Title VII or § 504 of the Rehabilitation Act, a plaintiff must allege that (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) a causal link exists between the protected activity and the adverse employment action. *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). Close timing between the protected activity and the adverse employment action can permit an inference of causation. *Id.* at 434. Perkins states a plausible claim for retaliation by alleging that she engaged in protected activity by opposing sex and disability discrimination; the Governor's Office knew of her protected activity; she was subjected to adverse actions, including termination; and the close timing between her termination and her protected activity (one day) supports a causal connection. Dkt. 7-1 ¶¶ 135-39, 164-67.

To allege discrimination under § 504 of the Rehabilitation Act, a plaintiff must allege that (1) she is a qualified individual under the ADA; (2) she is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination is by reason of her disability. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004). Perkins meets these elements by alleging that she has been diagnosed with conditions that substantially limit major life activities, including concentrating, thinking, sleeping, and neurological or brain functions when active; she has received medical treatment for those conditions; she requested reasonable accommodations and could perform the essential functions of her position with reasonable accommodations; and she was denied reasonable accommodations and terminated because of her disability. Dkt. 7-1 164-167.

Finally, to state a pay discrimination claim under the Equal Pay Act, a plaintiff must allege that "she performed work in a position requiring equal skill, effort and responsibility under similar working conditions, and that she was paid less than members of the opposite sex." *Lindsley v. TRT Holdings, Inc.*, 984 F.3d 460, 466 (5th Cir. 2021) (citation omitted). Perkins states a claim by alleging that she was paid less than male employees performing work requiring substantially equal skill, effort, and responsibility under similar working conditions in the same establishment, and that the Governor's Office cannot justify the wage differential under seniority, merit, quantity or quality of production, or any factor other than sex. Dkt. 7-1 ¶¶149-53.

The Court finds that Perkins's allegations are sufficient to avoid dismissal for frivolousness and does not recommend dismissal under 28 U.S.C. § 1915(e)(2)(B) at this time.

## III. Motion for Appointment of Counsel

Perkins also asks the Court to appoint counsel to represent her in this matter. A *pro se* plaintiff in a civil case, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citation omitted). A district court need not appoint counsel for an indigent plaintiff in a civil lawsuit unless exceptional circumstances warrant an appointment. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Factors a court should consider in determining whether exceptional circumstances warrant appointment of counsel include the (1) type and complexity of the case; (2) plaintiff's ability adequately to present and investigate his case; (3) presence of evidence that largely consists of conflicting testimony, requiring skill in presentation and cross-examination; and (4) likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the proceeding and assisting in just determination. *Id.*

The Court finds that Perkins has not shown exceptional circumstances warranting appointment of counsel. The issues presented in this case do not appear to be particularly complex, and Perkins has adequately and coherently litigated her case thus far. Because Perkins has not presented exceptional circumstances to warrant the appointment of counsel, her Motion to Appoint Counsel (Dkt. 2) is **DENIED**.

## IV. Motions for Leave

The Court **GRANTS** Perkins's Motion for Leave to file her contact information under seal (Dkt. 5). Perkins also seeks leave to file an amended complaint to supplement her pleadings. Because a party may amend its pleading once "as a matter of course" under Rule 15(a)(1), leave is not necessary to file an Amended Complaint. Perkins's Motion for Leave to Supplement and file an Amended Complaint (Dkt. 7) is **DISMISSED** as Moot.

## V. Conclusion

The Court:

(1) **DENIES** Perkins's Motion for Appointment of Counsel (Dkt. 2);

(2) **GRANTS** Perkins's Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. 3) and **ORDERS** her Complaint to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1);

(3) **ORDERS** the Clerk to issue summons and **ORDERS** the United States Marshals Service to attempt service in this case without pre-payment of a service fee;

(4) **GRANTS** Perkins's Motion for Leave to Provide Contact Information Separately from Public Filing (Dkt. 5); and

(5) **DIMISSES as Moot** Perkins's Motion for Leave to Supplement and file an Amended Complaint (Dkt. 7) but **ORDERS** the **CLERK** to reflect on the docket that the operative pleading is her Amended Complaint (Dkt. 7-1).

The Court **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on September 14, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE